(No. 0048—

JOSEPHINE HILL, as wife of BURL HILL, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 10, 1974.*

NORBERT J. GOETTEN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim, arising out of the death of a part-time policeman killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act", [hereafter, "the Act"] *Ill. Rev. Stat. 1971, Ch.48, Sec. 281 et. seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer, and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full court on May 14, 1974, the Court finds as follows:

1. That the claimant, Josephine Hill, is the wife of the decedent, and in the absence of a designated beneficiary, Section 3(a) of the Act provides that any award hereunder shall be paid to the surviving widow;

2. That the decedent, Burl Hill, was a part-time policeman employed by the City of Grafton and engaged in the active performance of his duties, within the meaning of Sec. 2(e) of the Act, on August 24, 1972;

3. That on said date, a report was made to the Police Department that "boys had escaped from the (Illi-

nois) Youth Camp" in Grafton. Officer Hill was in the Grafton police car and was called to the launching ramp along the Illinois River, since the report of the escape indicated that a boat had been taken. Officer Hill and Mayor Nairn, Officer Hill's supervising officer, "figured the boys would come ashore at the launching ramp." Mayor Nairn and Officer Hill waited at the launching ramp until 1:00 a.m. when Mayor Nairn left the scene, Hill remaining. At 2:10 a.m. Officer Hill was joined by another part-time police officer, Steven D. Hays. After waiting approximately five minutes, the officers heard what sounded like a motor going in a boat and saw a flashlight. The moon came out and they could see a boat coming down the bank on the Grafton side. As the boat reached the ramp, Officer Hill turned on the beam on the police car and the officers saw three subjects and a motor in the boat. They were ordered to halt by Officer Hays, however, the boat continued on across the island at a slow pace. Officer Hill directed Officer Hays to go down the river to a sewage disposal area and wait in the event the suspects would come ashore there. Officer Hays found the abandoned boat and motor and brought them back to the launching ramp. At the same time, Officer Hill was tying up another boat that he had found in Officer Hays' absence, which Officer Hill believed to be the property of one Mr. Arnold. Officer Hill directed Officer Hays to check the Arnold dock to see if his boat was gone. Officer Hays did as directed and upon his return, approximately three to five minutes later, he found Officer Hill lying on his right side on the launching ramp, whereupon Officer Hays radioed for an ambulance. Officer Hill was pronounced dead on arrival at Jersey Community Hospital at 3:45 a.m.;

The Coroner's Certificate of Death recites the immediate cause of death as "acute coronary occlusion" due

to or as a consequence of "arteriosclerotic heart disease with extensive old myocardial infarction";

No one knows whether Officer Hill actually encountered the escaped convicts during Officer Hays' absence. However, the Court was convinced by the evidence that the excitement and strain in pursuing escaped convicts late at night caused or precipitated this officer's fatal heart attack. Although Officer Hill's death might not have occurred as it did if he had no pre-existing heart disease, coverage under the Act is not limited to healthy law enforcement officers;

4.   The Court finds, therefore, that Officer Hill was killed in the line of duty as defined in Sec. 2(e) of the Act; and

5.   That the proof submitted in support of this claim satisfied all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $10,000 (ten thousand dollars) be awarded to JOSEPHINE HILL, as surviving widow of the deceased police officer, BURL HILL.